**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
LEE MAYS and JAMES McCLENIC,

                           Plaintiffs,

            - against -

TOWN OF HEMPSTEAD and TOWN OF
HEMPSTEAD DEPARTMENT OF SANITATION,

                          Defendants.
-------------------------------------------------------------X

**ORDER**

CV 10-3998 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I. PRELIMINARY STATEMENT**

Plaintiffs Lee Mays and James McClenic brought this action against the Town of Hempstead ("Town") and the Town of Hempstead Department of Sanitation ("Sanitation Department") to redress alleged violations of their civil rights pursuant to 42 U.S.C. §§ 1981 and 1983. Presently before the Court is Plaintiffs' motion to compel Defendants to respond to their second set of requests for documents. *See* DE 15. Defendants oppose this motion arguing primarily that the requests are overbroad and irrelevant to the claims in this action. *See* DE 16. For the reasons set forth below, Plaintiffs' motion is GRANTED, subject to the limitations contained in this Order.

**II. BACKGROUND**

On December 30, 2010, Plaintiffs served their first set of interrogatories and requests for documents. After receiving an extension by this Court, Defendants served responses to Plaintiffs' requests on March 17, 2011. Then, on July 27, 2011, Plaintiffs served their second set of requests for documents, which consisted of the following two document demands:

1. Provide true and accurate copies of any and all documents, correspondence, logs, entries, journal, files, memoranda, etc., regarding complaints of discrimination and/or harassment by employees, agents, and representatives of the TOWN OF HEMPSTEAD, their representatives, employees, and agents, from 2000 to the present, including all lawsuits filed against the TOWN OF HEMPSTEAD, as well as any complaints and administrative actions filed against the TOWN OF HEMPSTEAD with the Equal Employment Opportunity Commission, State Division of Human Rights, and Nassau County Commission on Human Rights from 2000 to the present;

2. Provide true and accurate copies of any and all documents, correspondence, logs, entries, journal, files, memoranda, etc., regarding complaints/charges of discrimination and/or harassment by employees, agents, representatives and/or assigns of the TOWN OF HEMPSTEAD, their representatives, employees and agents, for the following individuals/complainants as set forth in Plaintiffs' Complaint:

    (a) Laura Gwendolyn Jackson
    (b) John L. Jund
    ( c) Dorothy Goosby
    (d) San Salvadore Bloomfield
    (e) Johnnie E. Holley

After comparing these document requests to Plaintiffs' first set of requests, the Court notes that Demand Nos. 10 and 12 from Plaintiffs' first set are almost identical to the two requests now sought. In fact, the only difference appears to be that the second set of document requests are tailored solely to the Town, while the first set was directed towards the Town, Sanitation Department and Highway Department. The Court is at a loss as to why Plaintiffs, instead of seeking court intervention after receiving Defendants' responses on March 17, 2011, decided to serve identical requests on the Town more than four months later. Notwithstanding this course of action, the Court will address the substance of Plaintiffs' motion.

**III.    STANDARD OF REVIEW**

Federal Rule 26(b) describes the scope of, and limitations on, discovery in civil litigation:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"). This District has held that the "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." *Apicella v. McNeil Labs., Inc.*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). In *Apicella*, this Court further noted that the "liberal" discovery rules tend "toward admitting as much evidence as possible so that the facts may be more accurately determined." *Id*. Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to admissible evidence." Fed. R. Civ. P. 26(b)(1).

"The party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 02-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *United States v. Int'l Bus. Mach. Corp.* 66 F.R.D. 215,

218 (S.D.N.Y. 1974) (burden is on moving party to establish relevance). "Disclosure should not be directed simply to permit a fishing expedition." *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974). Therefore, in a motion to compel, it is incumbent upon the moving party to provide the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case.

IV. **DISCUSSION**

In this action, Plaintiffs allege claims pursuant to 42 U.S.C. §§ 1981 and 1983. To hold a municipality liable under Section 1983, a plaintiff must show that the alleged violations resulted from an official policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Here, Plaintiffs' municipal liability claim against the Town is premised on the Town's alleged awareness of a widespread practice of unlawful race discrimination. Plaintiffs contend that despite this purported awareness, the Town reacted with deliberate indifference by failing to address, remedy or change such practices. *See* Compl. ¶¶ 40-42. Moreover, with regard to their Section 1981 claim, Plaintiffs allege that the Town's conduct of unlawful discrimination was part of a pattern and practice of discrimination based on race. *Id.* ¶¶ 31-33. "In pattern or practice disparate treatment cases . . . plaintiffs must present sufficient evidence to meet their *prima facie* burden of showing that defendants had a policy, pattern, or practice of intentionally discriminating against a protected group." *Adorno v. Port Auth.*, 258 F.R.D. 217, 231 (S.D.N.Y. 2009) (citing *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 158 (2d Cir. 2001)).

In light of the claims asserted, there is no question that discovery targeting complaints made and/or actions filed by employees of the Town against the Town regarding racial

discrimination is relevant to this action. If Plaintiffs are able to produce evidence tending to show a pattern or practice, then such evidence would be highly relevant to Plaintiffs' *Monell* claim.[1] However, Document Demand No. 1 is not limited to documents regarding racial discrimination, and instead, requests documents covering all categories of discrimination. Therefore, the Court finds the demand to be overbroad. Accordingly, Document Demand No. 1 is limited to only those complaints made and/or actions filed against the Town in connection with racial discrimination. In addition, the Court limits this request to any actual complaints themselves to the Town, the EEOC, the NYSDHR and the Nassau County Commission on Human Rights. Defendants are not required to produce correspondence, logs, journals or memoranda (except for any correspondence with these agencies). To the extent that Plaintiffs' counsel can establish a good cause basis for entitlement to other documents concerning such complaints once these materials have been reviewed, counsel may make an appropriate application to the Court.

Furthermore, Defendants argue that Document Demand No. 1, which seeks documents dating back to 2000, is too broad. This Court disagrees. "The date of the incidents do not render the records less likely to lead to evidence admissible at trial." *Frails v. City of New York*, 236 F.R.D. 116, 118 (E.D.N.Y. 2006). In this case, the incident which resulted in the filing of this action occurred on October 16, 2007. Compl. ¶ 12. Therefore, the Court finds that documents dating back seven (7) years to be both relevant and reasonable regarding a pattern and practice claim.

---

[1] Should Defendants have concerns about the evidence, they can file a motion *in limine* at the appropriate time.

With regard to Document Demand No. 2, Defendants maintain that three of the individuals – Jackson, Goosby and Bloomfield – commenced their actions against the Town prior to 2000. In addition, Defendants represent to the Court that all three were clients of Plaintiffs' current counsel. In light of the age of these complaints and the fact that the requested information is in the custody and/or control of Plaintiffs' counsel, and the Court declines to compel Defendants to produce documents on these individuals. To the extent the other two individuals – Jund and Holley – filed complaints of racial discrimination after 2000, Defendants are required to produce documents which comply with the demand, as limited by the Court's directive concerning Document Demand No. 1.

## V. CONCLUSION

Based on the above information and reasoning, Plaintiffs' motion to compel is GRANTED, subject to the limitations contained in this Order. Defendants shall have until October 14, 2011, to produce responsive documents. Plaintiffs shall have until November 15, 2011, for any follow-up on Defendants' responses, including additional depositions. Finally, the deadline for the parties to file their joint Pre-Trial Order is extended to November 29, 2011 and the Pre-Trial Conference is now scheduled for December 5, 2011 at 11:30 a.m.

**SO ORDERED.**

Dated: Central Islip, New York
September 15, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge